**E-Filed 2/27/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JUAN SICAIROS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>　　　　　　Respondents. | Case Number C 06-07818 JF<br><br>ORDER[1] DENYING PETITION FOR WRIT OF  HABEAS CORPUS<br><br>[re: docket no. 1] |

## I.  BACKGROUND

　　This habeas petition arises from the related criminal case *United States v. Juan Sicairos*, No. CR 75-405 JF.  On September 15, 2005, Petitioner pled guilty to a single count of bail jumping in violation of 18 U.S.C. § 3150.  The plea was entered pursuant to a plea agreement that specified a sentence of eighteen months in the custody of Respondent Federal Bureau of Prisons ("BOP").  At sentencing on April 27, 2006, the Court noted the strong evidence of Petitioner's good character and post-offense rehabilitation, and imposed a sentence of eighteen months in the custody of the BOP.  The Court specifically recommended that Petitioner be placed

---

[1] This disposition is not designated for publication and may not be cited.

1  in a camp facility, finding that such a placement was most appropriate given all the involved
2  factors. The Court indicated at the sentencing hearing that it would entertain a Rule 35 motion to
3  reconsider the sentence in the event that the BOP did not place Petitioner in a camp facility.

4        On July 5, 2006, Petitioner filed a Rule 35 motion, informing the Court that the BOP had
5  decided not to place Petitioner in a camp facility. On August 31, 2006, the Court denied the
6  motion without prejudice. On September 18, 2006, Counsel for Petitioner Assistant Federal
7  Public Defender Nicholas P. Humy ("Humy") was informed by Mary Anderson of the U.S.
8  Marshal Service that Petitioner had been designated to FCI Big Spring, a low security facility
9  located in Big Spring, Texas. Humy Decl. ¶ 3. On October 2, 2006, Humy wrote to Rebecca
10 Tamez ("Tamez"), Chief of the BOP's Designations & Computations Center. *See* Petition Ex. E.
11 In response to Humy's questions, Tamez explained that: (1) Petitioner "is classified as a low
12 security level inmate and as such, is not ordinarily considered suitable for camp placement;" (2)
13 Petitioner "will be designated based on criteria outlined in Program Statement 5100.08, Security
14 Designation and Custody Classification Manual" ("PS 5100.08"); and (3) Petitioner's placement
15 is not "subject to the Administrative Remedy Program at this time." Petition Ex. B.

16       On December 20, 2006, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241.
17 Petitioner argues that PS 5100.08 is an improper exercise of the BOP's authority under 18 U.S.C.
18 § 3621(b), in that it makes it impossible for the BOP to consider the sentencing court's
19 recommendation that a non-citizen such as Petitioner be placed in a camp. Respondents oppose
20 the petition on the grounds that BOP policy regarding the designation of aliens is in accordance
21 with 18 U.S.C. § 3621(b), that Petitioner has not named the proper respondent, and that
22 Petitioner has not exhausted available administrative remedies. The Court heard oral argument
23 on January 31, 2007. On the same date, it issued an order requesting a supplemental declaration
24 explaining the BOP's interpretation and application of PS 5100.08. The Court received that
25 declaration on February 9, 2007.

26 **II.  LEGAL STANDARD**

27       A court may issue a writ of habeas corpus when a petitioner is "in custody in violation of
28 the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

2

## III. DISCUSSION

1. BOP Policy Regarding Designation of Aliens

Petitioner argues that PS 5100.08 is an improper exercise of the BOP's authority under 18 U.S.C. § 3621(b). That statutory section states in relevant part:

> Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Romulo Armendariz ("Armendariz"), Senior Designator, Designation and Sentence Computation Center ("DSCC"), states that he first determined that Petitioner should receive a deportable alien Public Safety Factor ("the PSF") under PS 5100.07, but that after September 8, 2006, when PS 5100.08 was issued, he reviewed Petitioner's designation under the updated program statement. First Armendariz Decl. ¶¶ 2-6. PS 5100.08 defines a deportable alien as a "male or female inmate who is not a citizen of the United States." It provides:

> When applied,[2] the inmate or the long-term detainee shall be housed in at least a Low security level institution.
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings.

PS 5100.08, Ch. 5, p.9. PS 5100.08 also provides that "PSFs may be waived after review and approval by the DSCC Administrator." *Id.* at Ch. 5, p.4.

---

[2] PS 5100.08 also provides that "[a]ll long-term detainees will have this PSF applied." Neither party contends that Petitioner is a long-term detainee.

3

Case No. C 06-07818 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFLC1)

Petitioner argues that PS 5100.08 makes it impossible for the BOP to consider the sentencing court's recommendation that Petitioner, a non-citizen, be placed in a camp. Petition 6. However, Armendariz declares that he retains the ability to recommend a waiver of the PSF under PS 5100.08. First Armendariz Decl. ¶ 5. Armendariz expands on this statement in the supplemental declaration filed in accordance with the Court's order dated January 31, 2007:

> Based on my understanding of [PS] 5100.08 . . . , and based on my experience and training in designating inmates for the BOP, I do have the discretion at any time to recommend waiver of [the PSF] for an individual I am in the process of designating. My discretion would include the ability to consider the sentencing judge's recommendation. Procedurally, if I felt there was a reason to request the waiver of a PSF, I would route my waiver recommendation to the [DSCC] Administrator here in Grand Prairie, Texas, for her consideration.

Second Armendariz Decl. ¶ 1. Armendariz states that he considered six factors in designating Petitioner: (1) Petitioner's conviction and sentence; (2) the Presentence Investigation Report; (3) the judicial recommendation to place him in a camp; (4) Petitioner's BOP classification, which included the application of the PSF; (5) available bed space commensurate with the classification; and (6) the BOP facilities that have deportation hearings. *Id.* ¶ 2. Armendariz's understanding of his ability to recommend a waiver is consistent with the text of the program statement. *See* PS 5100.08, Ch.5, p.4 ("PSFs may be waived after review and approval by the DSCC administrator").

The Court concludes that the Program Statement's waiver provision, both on its face and as applied by Armendariz, allows the BOP to consider the sentencing court's recommendation of "a type of penal or correctional facility as appropriate." *See* 18 U.S.C. § 3621(b)(4)(B).[3] The Court concludes that the instant case thus is distinguishable from *Woodall v. Federal Bureau of*

---

[3] *See also* PS 5100.08, ch.3, p.4 (describing one step of the typical designation process as "i. The Designator assigns a facility, which may include a privately managed facility, and will make every effort to accommodate recommendations from the courts, i.e. RDAP, locality, etc."); *id.* at ch. 5, p.2-3 (describing the application of an overriding "Management Security Level" after application of Management Variables ("MGTV") including the waiver of a PSF, and describing as an MGTV "**Judicial Recommendation**. The sentencing court may recommend a specific institution or program. When consistent with policies or when such actions are consistent with sound correctional management, the Bureau of Prisons attempts to satisfy judicial recommendations. When this is not feasible, the court is notified in writing with an explanation outlining the reasons for not satisfying the recommendation.").

1  *Prisons*, 432 F.3d 235 (3d Cir. 2005).  That case involved a challenge to regulations pertaining to
2  placement in Community Corrections Centers that did not allow "full consideration fo the factors
3  plainly enumerated in § 3621(b)."  *Id.* at 241.  In contrast, the regulation challenged in the instant
4  case does allow such full consideration because it contains a waiver clause that was not present
5  in the regulations challenged in *Woodall*.  Accordingly, the Court concludes that PS 5100.08
6  does not represent an improper exercise of the BOP's authority under 18 U.S.C. § 3621(b) and
7  that the Petitioner is not entitled to habeas relief on that basis.[4]

      2.    Appropriate Respondent for Habeas Petition and Exhaustion of Administrative Remedies

Respondents argues that Petitioner has named the wrong respondent in his petition and that Petitioner has failed to exhaust available administrative remedies.  However, because the Court will deny the petition on other grounds, it need not address these issues.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED.  Petitioner's self-surrender date remains March 12, 2007.

DATED: February 27, 2007.

                                                        JEREMY FOGEL
                                                        United States District Judge

---

[4] Because the Court concludes that the waiver provision of PS 5100.08 allows the BOP to consider a sentencing court's recommendation and that Armendariz did consider this recommendation in designating Petitioner, it need not consider whether 18 U.S.C. § 3621(b) requires the BOP to consider all the factors that it enumerates or if instead it lists the factors that the BOP may consider.

1  This Order has been served upon the following persons:

2  Claire T. Cormier            claire.cormier@usdoj.gov

3  Nicholas P. Humy             nicholas_humy@fd.org, christina_smith@fd.org

4  Barry J. Portman , SF        barry_portman@fd.org, dawn_russell@fd.org

5  Dennis Matthew Wong          dwong@bop.gov

6
6

Case No. C 06-07818 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFLC1)